IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTWOYNE L. WYATT,

    Petitioner,

v.                                                                              Civil Action No. 3:10cv576

PATRICIA STANSBERRY, et al.,

    Respondents.

## MEMORANDUM OPINION

Petitioner Antwoyne L. Wyatt, a federal inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Wyatt is currently housed at FCC Petersburg and challenges his convictions imposed in this Court. Respondents filed a Motion to Dismiss (Docket No. 9), providing Wyatt with appropriate *Roseboro*[1] notice (Docket No. 10). Wyatt has responded to the motion. (Docket No. 13.) The matter is ripe for adjudication. For the reasons that follow, the Court will GRANT Respondents' Motion to Dismiss (Docket No. 9) and will DISMISS this action for want of jurisdiction.

### I. Factual and Procedural History

Following a jury trial, Wyatt was convicted of possession with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 841, possession of fifty grams or more of cocaine base in violation of 21 U.S.C. § 844, possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c), and possession of a firearm by an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3). Indictment, *United States v. Wyatt*, No. 3:03CR173-HEH (E.D. Va. filed May 8, 2003); Verdict Form, *United States v. Wyatt*,

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

No. 3:03CR173-HEH (E.D. Va. filed Aug. 21, 2003). Wyatt received a total sentence of 217 months of imprisonment.[2] Judgment at 2, *United States v. Wyatt*, No. 3:03CR173-HEH (E.D. Va. filed Nov. 20, 2003).

Wyatt pursued an unsuccessful direct appeal. *United States v. Wyatt*, No. 03-4959, 2004 WL 1950398 (4th Cir. Sept. 3, 2004). Wyatt also filed a Motion to Vacate under 28 U.S.C. § 2255, which the Court dismissed as barred and procedurally defaulted. Memorandum Opinion at 3, 7, *United States v. Wyatt*, No. 3:03CR173-HEH (E.D. Va. filed Oct. 11, 2006). Wyatt appealed the dismissal of his § 2255 motion, and the United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed the appeal. *United States v. Wyatt*, No. 06-8026, 2007 WL 1655386 (4th Cir. June 5, 2007).

Wyatt thereafter filed a motion challenging the Court's jurisdiction over the underlying criminal case. Motion Contesting the Court's Jurisdiction, *United States v. Wyatt*, No. 3:03CR173-HEH (E.D. Va. filed Apr. 23, 2007); Supplement Brief/Sua Sponte/Subject Matter Jurisdiction, *United States v. Wyatt*, No. 3:03CR173-HEH (E.D. Va. filed May 29, 2007). The Court construed the motion as an unauthorized successive § 2255 motion and dismissed the motion for want of jurisdiction. Order, *United States v. Wyatt*, No. 3:03CR173-HEH (E.D. Va. filed June 6, 2007). Wyatt appealed this dismissal, and the Fourth Circuit denied a certificate of appealability and dismissed the appeal. *United States v. Wyatt*, No. 07-6870, 2007 WL 3129576 (4th Cir. Oct. 25, 2007).

---

[2] The Court subsequently granted Wyatt's Motion for Retroactive Application of Sentencing Guidelines, pursuant to 18 U.S.C. § 3582(c), and reduced Wyatt's total sentence to 187 months of imprisonment. Order, *United States v. Wyatt*, No. 3:03CR173-HEH (E.D. Va. filed Feb. 10, 2010).

On June 30, 2010, Wyatt filed with the Fourth Circuit a motion pursuant to 28 U.S.C. § 2244, seeking authorization to file a second or successive § 2255 motion before the district court for consideration. Motion Under 28 U.S.C. § 2244, *In re Wyatt*, No. 10-212 (4th Cir. filed June 30, 2010). Based on the Supreme Court of the United States's decision in *Arizona v. Gant*, 129 S. Ct. 1710 (2009),[3] Wyatt sought to file a second § 2255 motion to challenge the search of his vehicle. *Id.* The Fourth Circuit denied Wyatt's § 2244 motion. *In re Wyatt*, No. 10-212 (4th Cir. Jul. 27, 2010).

On August 13, 2010, the Court received the pending § 2241 petition, in which Wyatt challenges the validity of his conviction and sentence. Citing *Gant*, Wyatt specifically "asserts that his conviction and sentence is in violation of the Fourth Amendment . . . , wherein the police officer conducted an illegal search and seizure to his vehicle." (§ 2241 Pet. 4.)[4] Respondents filed a Motion to Dismiss, arguing that Wyatt's claims are not cognizable under § 2241 and should be dismissed. In response, Wyatt "maintains that his inability to raise his *Gant* claim in a second or successive §2255 . . . motion makes that remedy 'inadequate or ineffective to the legality of his detention', thereby entitling him to file a [§ 2241 petition.]" (Pet'r's Resp. to Resp'ts' Mot. to Dismiss 2.)

---

[3] In this case, the Supreme Court of the United States held that, in the absence of a warrant or other exceptions to the warrant requirement, a vehicle search incident to an arrest may only be conducted "if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Gant*, 129 S. Ct. at 1723.

[4] Because Wyatt did not number all of the pages in his § 2241 petition, the Court identifies the pages as numbered by CM-ECF.

## II. Habeas Corpus Relief Under 28 U.S.C. § 2241

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 are separate and distinct mechanisms for seeking post-conviction relief. *In re Vial*, 115 F.3d 1192, 1194 & n.5 (4th Cir. 1997). A § 2241 petition is used to attack the manner in which a sentence is executed and must be filed in the same district where the prisoner is incarcerated. *Id.* at 1194 n.5. A § 2255 motion, by contrast, provides the primary means of collateral attack on the imposition of a federal conviction and sentence and must be filed with the sentencing court. *Id.* at 1194.

However, under certain limited circumstances, an inmate may be able to pursue a § 2241 petition challenging his or her conviction and sentence where the inmate can satisfy the requirements of the "savings clause" in § 2255. *See id.* Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). "The petitioner bears the burden of showing the inadequacy or ineffectiveness of a § 2255 motion." *In re Eidson*, No. 97-691, 1997 WL 712857, at *1 (4th Cir. Nov. 17, 1997) (*citing McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)). The Fourth Circuit has instructed that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

4

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). Thus, for Wyatt's *Gant* claim to be cognizable under § 2241, Wyatt must satisfy the *Jones* requirements.

### III. Analysis

Wyatt first contends that § 2255 relief is inadequate or ineffective because the *Gant* decision happened subsequent to his first § 2255 motion and he cannot raise his *Gant* claim in a second or successive § 2255 motion. The Fourth Circuit has instructed, however, that the § 2255 remedy is not inadequate or ineffective merely because a limitations bar, a procedural bar, or the prohibition against successive petitions prevents § 2255 relief. *Vial*, 115 F.3d at 1194 n.5 ("[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision."). To properly invoke § 2241 to challenge his conviction and sentence, Wyatt instead must demonstrate the three *Jones* factors.

Wyatt next argues that his *Gant* claim meets the *Jones* requirements, stating that *Gant* "is a new rule of clearly established federal law . . . and therefore invokes the 'savings clause.'" (Pet'r's Resp. to Resp'ts' Mot. to Dismiss 3.) The Court finds, however, that Wyatt has not and cannot satisfy the second element of *Jones*–that "subsequent to [his] direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which [he] was convicted is deemed not to be criminal . . . ." *Jones*, 226 F.3d at 334. Here, the *Gant* ruling which Wyatt relies on discusses vehicle searches under the Fourth Amendment.[5] This ruling "go[es] to the

---

[5] The Fourth Amendment states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

admissibility or exclusion of evidence" and "does not make any kind of conduct 'non-criminal' . . . ." *Deleston v. Warden*, No. 6:10-2036-DCN-KFM, 2010 WL 3825399, at *3 (D.S.C. Sept. 8, 2010); *see also Settle v. Outlaw*, No. 2:10CV00153 DPM/BD, 2011 WL 902140, at *3 (E.D. Ark. Jan. 18, 2011) (construing § 2241 petition based on *Gant* to be a successive § 2255 motion); *Allen v. O'Brien*, No. 7:09CV00208, 2009 WL 1759531, at *1-2 (W.D. Va. June 18, 2009) (finding Fourth Amendment challenge insufficient to meet *Jones* requirements); *Pugh v. United States*, No. 5:07cv177DCB-MTP, 2007 WL 4179462, at *1-2 (S.D. Miss. Nov. 20, 2007) (finding Fourth Amendment challenge insufficient to meet the savings clause in § 2255); *Saint v. Stine*, No. Civ.A.6:05-5331-DCR, 2006 WL 197058, at *5 (E.D. Ky. Jan. 21, 2006) (finding that claims attacking the trial process do not satisfy the savings clause in § 2255). The crimes for which Wyatt was convicted remain criminal offenses, and therefore Wyatt cannot satisfy the second element of *Jones*.

Because Wyatt has not and cannot satisfy the *Jones* requirements based on his *Gant* claim, his current petition attacking the validity of his conviction and sentence is in essence a successive request for relief under § 2255. The Fourth Circuit denied Wyatt's request to file a successive § 2255 motion based on his *Gant* claim. Wyatt cannot circumvent the Fourth Circuit's ruling and avoid the limitations on successive § 2255 motions simply by omitting any reference to that statute. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004); *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003) (emphasizing that inmates may not circumvent the limitations on successive § 2255 motions simply by inventive labeling). The Court lacks jurisdiction to entertain Wyatt's successive § 2255. Accordingly, the action will be DISMISSED.

## IV. Certificate of Appealability

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Wyatt is entitled to further consideration in this matter. A certificate of appealability is therefore DENIED.

## V. Conclusion

For the foregoing reasons, the Court GRANT Respondents' Motion to Dismiss (Docket No. 9) and will DISMISS this action for want of jurisdiction. A certificate of appealability will be DENIED.

An appropriate Order shall issue.

/s/ 
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 5-26-11